# United States Court of Appeals for the Fifth Circuit

No. 24-20137
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 7, 2025

Lyle W. Cayce
Clerk

Andre Huizar,

*Plaintiff—Appellant*,

*versus*

Benchmark Insurance Company,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3404

_____

Before Jones, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:[*]

On summary judgment, the district court dismissed Plaintiff-Appellant Andre Huizar's breach of contract and related extracontractual claims against his insurer, Defendant-Appellee Benchmark Insurance Company. For the following reasons, we AFFIRM.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20137

I

In January 2021, Huizar applied for a home insurance policy for 833 Baker Drive in Tomball, Texas (the "Property") with Benchmark. In his application, Huizar represented that the property was owner-occupied, was built in 1982, was not vacant or unoccupied or for sale or under construction, and that there was no unrepaired damage to the roofs or other structures. He signed the application, acknowledging that the information he provided was correct and that if it was false or misleading the policy would be null and void. Based on the information provided, Benchmark issued the homeowner's policy at issue ("the Policy") with an effective date of February 2, 2021.

The Policy's "Property Coverages" section states in pertinent part: "We cover . . . [t]he dwelling on the 'residence premises' shown in the Declarations." The Policy defines "residence premises as "[t]he one-family dwelling where you reside . . . on the inception date of the policy period shown in the Declarations."

Shortly after securing the policy, in February 2021, a winter freeze caused broken pipes and water damage to the Property. Huizar filed a claim for damages, and in response, Benchmark sent an adjuster to examine the Property. It was clear to the adjuster that no one was or had been living at the Property, and that it was under construction. As a result, Benchmark denied Huizar's claim because he did not reside at the Property, the Property was vacant, and the Property was under construction, all in violation of the Policy's clear terms. Huizar also provided pictures and videos that confirmed Benchmark's assessment.

In response to Benchmark's denial of his claim, Huizar sued Benchmark for breach of contract and multiple related extracontractual claims. Benchmark moved for summary judgment, arguing that there was no coverage for Huizar's insurance claim under the unambiguous terms of the

2

Policy. In opposition, Huizar argued that summary judgment was not warranted because he "provided sufficient evidence to show that his loss is covered under the policy because [he] resided at the [Property] at the time of the loss." Huizar also executed an affidavit in support of his opposition affirming that did not live in the home at the time of the insurance claim but intended to do so in the future. The district court granted summary judgment, and Huizar timely appealed.

We review a grant of summary judgment de novo, applying the same legal standards as the district court. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

## II

On appeal, Huizar makes substantially the same argument he did at the district court: a trier of fact could conclude that the Property was his residence under the terms of the Policy. But this argument is foreclosed by our court's clear precedent. Applying Louisiana law, our court has previously determined that an identical residence requirement in a homeowners' insurance policy required "more than purchasing a home or intending to move into it" for coverage to exist under that policy. *GeoVera Specialty Ins. Co. v. Joachin*, 964 F.3d 390, 393 (5th Cir. 2020). Huizar fails to address *Joachin* and offers no compelling reason why it should not apply to this Texas law insurance dispute. In fact, a panel of our court has already applied *Joachin* to this context, observing that "Louisiana law does not pertinently differ from Texas law with respect to interpreting insurance policies." *Askew Hunt v. Meridian Sec. Ins. Co.*, No. 24-10110, 2024 WL 4800201, at *1 n.1 (5th Cir. Nov. 15, 2024) (unpublished) (cleaned up).

No. 24-20137

Applying *Joachin* here, we agree with the district court that the Property did not comport with the Policy's coverage requirements because (1) it is undisputed that Huizar did not reside on the Property on the inception date of the Benchmark policy; and (2) Huizar's only material argument on appeal is that his intent to move to the Property in the future satisfies the residence requirement. 964 F.3d at 393 (holding that "intending to move" is not enough). There is no coverage under the policy. Accordingly, Huizar's breach of contract claim fails. So too do his extracontractual claims. *See State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) (finding that "[w]hen the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive.").

The district court's judgment is AFFIRMED.